**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RAYTHEON COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:11-CV-800 |
| | § | |
| ITT CORPORATION, ITT DEFENSE | § | |
| AND INFORMATION SOLUTIONS, ITT | § | |
| NIGHT VISION, ITT GEOSPATIAL | § | |
| SYSTEMS, EXELIS INC. d/b/a ITT | § | |
| EXELIS, and ITT EXELIS GEOSPATIAL | § | |
| SYSTEMS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART**
**DEFENDANTS' MOTION TO DISMISS**

The following are pending before the court:

1.      Defendants' motion to dismiss (docket entry #37);

2.      Plaintiff's response to Defendants' motion to dismiss (docket entry #42);

3.      Defendants' reply in support of motion to dismiss (docket entry #45); and

4.      Plaintiff's sur-reply to Defendants' motion to dismiss (docket entry #47).

---

1.      Plaintiff's motion to strike portions of the declaration of Andrea M. Quercia (docket entry #46);

2.      Defendants' response to motion to strike (docket entry #49); and

3.      Reply in support of Plaintiff's motion to strike portions of the declaration of Andrea M. Quercia (docket entry #54).

Having considered the motion to dismiss and the responsive briefing thereto, the court finds that the

motion should be granted in part.

On December 6, 2011, the Plaintiff filed the instant action against six Defendants.  The two incorporated defendants are ITT Corporation and Exelis Inc. d/b/a ITT Exelis.  The four unincorporated defendants are ITT Defense and Information Solutions, ITT Night Vision, ITT Geospatial Systems, and ITT Exelis Geospatial Systems.  In its most recent complaint, the Plaintiff asserts the following claims against the Defendants:  (1) breach of contract; (2) promissory estoppel; (3) fraud (misrepresentation); (4) fraud (inducement); (5) fraud by nondisclosure; (6) breach of the non-disclosure agreement; (7) misappropriation of trade secrets; (8) Texas Theft Liability Act violations; and (9) unjust enrichment. PL. SECOND AMD. COMPL. (docket entry #60).  In their motion to dismiss, the Defendants argue that (1) the unincorporated defendants should be dismissed with prejudice as a matter of law because unincorporated business units, divisions, or segments do not have the capacity to be sued in federal court, and (2) ITT Corporation should be dismissed because Exelis Inc. is the only proper defendant herein.

The parties do not dispute that the unincorporated defendants should be dismissed.  However, the Plaintiff seeks a dismissal without prejudice while the Defendants urge the court to dismiss the unincorporated defendants with prejudice.  It is undisputed that the unincorporated defendants were merely divisions under the parent legal entity, ITT.  It is further undisputed that ITT was the predecessor legal entity which included the unincorporated defendants.  Finally, it is undisputed that Exelis Inc. is the current corporate defendant over the relevant Defendant divisions.  Since divisions of companies are not separate legal entities but, rather, are parts of the corporation to which they belong, the unincorporated defendants should be dismissed with prejudice as a matter of law. *See Western Beef, Inc. v. Compton Investment Co.*, 611 F.2d 587, 591 (5th Cir. 1980).

This lawsuit stems from a development contract between Raytheon Company, Combat Systems (an unincorporated division of Raytheon) and ITT Night Vision (an unincorporated business unit within ITT). The contract became effective on April 26, 2005. Under the contract, Raytheon provided the Defendants with infrared thermal cameras which were incorporated into the Defendants' night vision goggles.

On October 31, 2011, ITT restructured its business. The restructuring consisted of ITT splitting into three corporations – Exelis Inc., Xylem, Inc., and ITT Corporation. Exelis now encompasses ITT's Defense and Information business segment which includes ITT's Geospatial Systems division and Night Vision business unit. Pursuant to the terms of a Distribution Agreement, each of the entities created by the restructuring of ITT Corporation agreed to assume responsibility for certain liabilities that arose prior to the restructuring, including the defense of litigation based on the alleged conduct or activities of its component business units, divisions, or segments. Under the terms of the Distribution Agreement, Exelis Inc. is the legal entity responsible for any liability of a current or former ITT Corporation division or business unit. Based on the restructuring and the Distribution Agreement, the Defendants urge the court to dismiss ITT.

The Defendants further argue that on August 29, 2012, the United States District Court for the District of Connecticut held that "Exelis, Inc, is hereby substituted as a party in this case for ITT Corporation. The distribution agreement provides that Exelis is the legal entity responsible for ITT's liability. Therefore, pursuant to Federal Rule of Civil Procedure 25(c), Exelis is the proper party to this case." *United States ex rel. Ladas v. ITT Corp.*, 3:10-cv-1132 (D. Conn. Aug. 29, 2012). However, the Defendants' reliance on *Ladas* is misplaced. The *Ladas* court clearly relied on Rule 25(c) of the Federal Rules of Civil Procedure. However, "Rule 25(c) applies only to transfers of

interest occurring during the pendency of litigation and not to those occurring before the litigation begins." *Andrews v. Lakeshore Rehabilitation Hosp.*, 140 F.3d 1405, 1407 (11th Cir. 1998).  Here, the transfer occurred prior to the Plaintiff initiating the instant lawsuit.  Accordingly, the *Ladas* decision is not dispositive of the issue before the court.

The Defendants further argue that ITT should be dismissed because ITT does not possess any documents relevant to the claims or defenses asserted herein or related to this matter.  Further, the Defendants argue that ITT does not possess any knowledge or discoverable materials relevant to the claims or defenses asserted herein or related to this matter, nor does ITT employ any persons with knowledge or information relevant to the claims or defenses asserted herein or related to this matter. While the court appreciates the Defendants' position that ITT does not possess any relevant knowledge or materials related to the matters herein, the Plaintiff apparently disputes such assertions.[1]  If necessary, it will be the court's responsibility to ultimately determine whether ITT possesses any relevant knowledge or materials related to the matters herein.  As such, the court does not find the Defendants' arguments to dismiss ITT compelling.  In light of the fact that ITT entered into the contract with Raytheon and in light of the fact that Raytheon has alleged numerous causes of action against ITT (the contracting party), the court finds that the Defendants' motion to dismiss ITT should be denied.

Based on the foregoing, the court hereby **GRANTS IN PART** the Defendants' motion to dismiss (docket entry #37).  ITT Defense and Information Solutions, ITT Night Vision, ITT

---

[1]The Plaintiff moved to strike portions of the declarations attached to the Defendants' briefing.  Although the Plaintiff's motion has merit, the court hereby denies the motion to strike because the portions of the declarations that the Plaintiff requests be stricken have no probative value.

Geospatial Systems, and ITT Exelis Geospatial Systems are hereby **DISMISSED WITH PREJUDICE**.  ITT Corporation shall remain a party to this lawsuit.  It is further

      **ORDERED** that the Plaintiff's motion to strike portions of the declaration of Andrea M. Quercia (docket entry #46) is **DENIED**.

      IT IS SO ORDERED.

      **SIGNED this the 30th day of September, 2013.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE